

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GILBERT JAY PALIOTTA,       )
                            )
        Plaintiff,           )          3:08-cv-0050-BES-VPC
                            )
vs.                         )
                            )          **ORDER**
E.K. McDANIEL, *et al.*,     )
                            )
        Defendants.           )
_____)

       This action is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by plaintiff, a prisoner at Ely State Prison.

## I.    Initial Partial Filing Fee

       The Court has previously granted plaintiff's application to proceed *in forma pauperis*. (Docket #3).  The Court ordered plaintiff to prepay an initial installment of $29.21. (*Id.*). Plaintiff has submitted a letter to the Court, explaining his belief that his uncle sent the Court the fee of $29.21. (Docket #5).  The Court has no record of receiving such funds.  Plaintiff informs the Court that he currently lacks the funds in his prison account to pay the initial partial filing fee.  Where a prisoner seeks to proceed *in forma pauperis*, "[t]he court shall assess, and *where funds exist,* collect . . . an initial partial filing fee . . . ."  28 U.S.C. § 1915(b)(1) (emphasis added).  Because plaintiff's inmate account currently lacks sufficient funds to satisfy the initial partial filing fee, this requirement is waived.  The entire $350 filing fee will remain due

///

1  and payable, and will be collected from plaintiff's inmate account, when funds exist, regardless
2  of the outcome of this action.

3  **II.    Motion for Recusal (Docket #4)**

4         Plaintiff has filed a motion to recuse the undersigned district judge on the basis of
5  "implied bias."  (Docket #4).

6         "In determining whether recusal is appropriate, the Court should look toward whether
7  a reasonable person with the knowledge of all the facts would conclude that the judge's
8  impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
9  1984). Moreover, any alleged bias or prejudice must have arisen from an extrajudicial source.
10 *Id.* A party seeking to recuse a judge under 28 U.S.C. § 144 must submit a legally sufficient
11 affidavit detailing the circumstances warranting recusal.  "An affidavit filed pursuant to that
12 section is not legally sufficient unless it specifically alleges facts that fairly support the
13 contention that the judge exhibits bias or prejudice directed toward a party that stems from an
14 extrajudicial source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

15        In the instant case, plaintiff merely makes a conclusory assertion that, due to the
16 undersigned's former employment as the Attorney General of Nevada, there is an "implied
17 bias."  (Docket #4, at p. 2).  Plaintiff has not presented a sufficient affidavit to meet the
18 standard for recusal and has not otherwise demonstrated bias sufficient to warrant recusal.
19 Plaintiff's motion for recusal is denied.

20 **III.   Screening of Complaint**

21        **A. Screening Standard**

22        The Court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A.  Federal
23 courts must conduct a preliminary screening in any case in which a prisoner seeks redress
24 from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §
25 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims
26 that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

2

1 | monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

2 | 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica*

3 | *Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a

4 | plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws

5 | of the United States was violated, and (2) that the alleged violation was committed by a person

6 | acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

7 |      In addition to the screening requirements under § 1915A, pursuant to the Prisoner

8 | Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the

9 | allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim

10 | on which relief may be granted," or "seeks monetary relief against a defendant who is immune

11 | from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim

12 | upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6),

13 | and the Court applies the same standard under Section 1915(e)(2) when reviewing the

14 | adequacy of a complaint or amended complaint.

15 |      Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel*

16 | *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to

17 | state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

18 | of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759

19 | (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material

20 | fact stated in the complaint, and the Court construes them in the light most favorable to the

21 | plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro*

22 | *se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.

23 | *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)

24 | *(per curiam)*.

25 |      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

26 | the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based

3

1  on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from
2  suit or claims of infringement of a legal interest which clearly does not exist), as well as claims
3  based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v.*
4  *Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th
5  Cir. 1991).

6        **B. The Instant Complaint**

7        Plaintiff alleges that he has been classified as a high risk potential (HRP) inmate and
8  has been placed in administrative housing.    Plaintiff alleges that his requests for
9  reclassification have been denied, with prison officials telling him that he is not suitable to be
10  housed in a double cell within general population, due to his past actions. Plaintiff contends
11  that this has violated his due process rights.  Plaintiff's allegations fail to state a claim,
12  because prisoners do not have a constitutionally recognized liberty interest in a particular
13  security classification or in remaining in the general prison population. *See Pratt v. Rowland*,
14  65 F.3d 802, 806 (9th Cir. 1995); *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).
15

16        Plaintiff alleges that his Eighth Amendment rights have been violated due to his housing
17  in administrative segregation. Plaintiff has alleges no facts to indicate that he has been denied
18  the "minimal civilized measure of life's necessities," or that he has been exposed to a
19  substantial risk of harm as a result of deliberate indifference of prison officials. *See Farmer*
20  *v. Brennan*, 511 U.S. 825, 834 (1994).

21        Plaintiff alleges that his placement in administrative segregation is "discriminatory."
22  Plaintiff has alleged no facts to indicate that defendants were motivated by discriminatory
23  intent in classifying him as a high risk potential inmate or in its housing decisions. *See FDIC*
24  *v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (intentional discrimination is required to state
25  an equal protection claim).
26  ///

4

1    Finally, plaintiff states that his high risk potential status and housing placement is

2  "retaliatory."  Plaintiff has failed to allege any facts to indicate that the classification and

3  housing placement decisions were based upon a retaliatory motive related to the exercise of

4  his First Amendment rights, rather than based on a legitimate correctional goal.  *See Rhodes*

5  *v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff's complaint fails to state a

6  colorable claim for violation of his constitutional rights.

7  **IV.    Conclusion**

8    **IT IS THEREFORE ORDERED** that the Clerk **SHALL FILE** the complaint.

9    **IT IS FURTHER ORDERED** that the requirement of prepaying an initial partial filing fee

10  is **DISCHARGED**, however, the entire $350 filing fee remains due from plaintiff, and the

11  institution where plaintiff is incarcerated will collect money toward the payment of the full filing

12  fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.

13  §1915(b)(2).

14    **IT IS FURTHER ORDERED** that plaintiff's motion for recusal (Docket #4) is **DENIED.**

15    **IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** for

16  failure to state a claim.

17    **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT**

18  accordingly.

19

20    DATED this 15th day of October, 2008.

21

22

23    _____
      UNITED STATES DISTRICT JUDGE

24

25

26

5